UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT TOUSSAINT,                   :
   *Plaintiff*,                           :
                                         :
        v.                                   :       Case No. 3:21cv32 (MPS)
                                           :
WARDEN GUADARMA, et al.,              :
   *Defendants*,                         :

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Robert Toussaint, has commenced a civil rights action asserting claims that accrued during his incarceration at Osborn Correctional Facility ("Osborn") between September 4, 2020, and November 2, 2020. Compl., ECF No. 1. In its Initial Review Order, the Court permitted plaintiff to proceed with the following claims: (1) an Eighth Amendment claim alleging deliberate indifference to a risk of serious harm caused by plaintiff's placement in a housing unit experiencing a Covid outbreak; (2) an Eighth Amendment claim alleging deliberate indifference to plaintiff's need for housing unit transfer, medical treatment, and testing when he began exhibiting Covid symptoms; (3) an Eighth Amendment failure to protect claim alleging inadequate measures taken to prevent the spread of Covid at Osborn; (4) an Eighth Amendment claim alleging deliberate indifference to plaintiff's health and sanitation needs during a 10-day placement in punitive segregation; and (5) an intentional infliction of emotional distress claim brought under Connecticut state law pertaining to his above-noted housing and segregation placements. *See* Initial Review Order, ECF No. 8 at 17-18. As all "John Doe" defendants have been terminated as parties to this action, Plaintiff's claims are currently brought against defendants Gudarama, Vasquez, Quiros, Gammardella, Fury, and Wright.

The defendants have filed a motion for summary judgment on all claims. Defs.' Mot. for

Summ. J. ECF No. 65 at 1. This motion asserts that: (1) plaintiff failed to exhaust his administrative remedies for the claims brought in this action; (2) plaintiff cannot raise a genuine dispute of material fact about the merits of his claims; and (3) the defendants are protected by qualified immunity. *Id.* Because I agree with the first assertion, I GRANT the defendants' motion for summary judgment on failure-to-exhaust grounds and decline to exercise supplemental jurisdiction over the state law tort claim.

## FACTS[1]

The claims brought in this action pertain to the plaintiff's conditions of confinement and medical treatment at Osborn between September 4, 2020, and November 2, 2020. ECF No. 1; ECF No. 65-2 at 1, ¶ 3. At this time, the administrative grievance procedures established by the Connecticut Department of Correction ("DOC") for inmate complaints unrelated to health services were set forth in Administrative Directive 9.6. ECF No. 65-2 at ¶ 39. Administrative

---

[1] The facts are drawn from the complaint and the defendants' Local Rule 56(a)(1) Statement of Undisputed Material Facts and its supporting exhibits. ECF No. 65-2. Plaintiff has filed a Local Rule 56(a)(2) Statement. ECF No. 71-1 at 46-52. But he has not complied with Local Rule 56(a)(3) when denying facts asserted in the defendants' 56(a)(1) Statement.

Local Rule 56(a)(3) provides: "[E]ach denial in an opponent's Local Rule 56(a)(2) Statement[] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." Plaintiff technically "objects," but functionally "denies," the majority of facts asserted in the defendants' 56(a)(1) Statement. However, plaintiff supports these denials with citations to an unsworn memorandum and/or phantom exhibits that are not included as part of his summary judgment filing. *See* ECF No. 71-1 at 1-33, 46-52.

With their motion for summary judgment, the defendants included a Notice to Self-Represented Litigant, as required by Local Rule 56(b). *See* ECF No. 65-3. This Notice informed plaintiff of the requirement to support denials of the movant's version of facts with evidence. The Notice also warned plaintiff that a failure to submit evidence in support of his denials of fact could result in the Court's granting the defendants' motion if it showed that the defendants were entitled to judgment as a matter of law.

Because plaintiff has not substantively complied with Local Rules, all material facts set forth in defendants' 56(a)(1) Statement of Fact are deemed admitted the extent that they are supported by the evidence and not unequivocally contradicted by allegations in the sworn complaint that are within plaintiff's personal knowledge. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2."); *see also Patterson v. Cty. Of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("[A] verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment.")

grievance procedures established for health service complaints were set forth in Administrative

Directive 8.9. *Id.* at ¶ 55.

### A.      Grievance Procedure for Non-Health Service Claims

The DOC grievance procedure for non-health service complaints involves multiple stages

of dispute resolution. First, an aggrieved inmate must seek informal resolution with an

appropriate correctional staff member. *See* A.D. 9.6(6)(A).[2] If this informal dispute resolution

fails, an inmate must then submit a written request to an appropriate staff member on a "CN

9601 Inmate Request Form." *Id.* The CN 9601 form must be deposited in a designated

"collection box." *Id.* A "Unit Administrator" must then respond to the prisoner's informal

request within 15 business days. *Id.*

If an inmate is "not satisfied" with the "informal resolution offered" by a Unit

Administrator, he or she may then file a formal "grievance" by depositing a completed "CN

9602" form in an "Administrative Remedies box." *See* A.D. 9.6(6)(C). This "Level 1" grievance

"must be filed within 30 calendar days of the occurrence or discovery of the cause of the

grievance." *Id.* If a Level 1 grievance is denied, or rejected, or an inmate has not received a

response to it within 30 business days, the grievance may be appealed. *See* A.D. 9.6(6)(G), (I).

If an inmate elects to appeal, he or she must file a "Level 2" grievance within five

calendar days of receiving a receipt of the Level 1 grievance decision. *See* A.D. 9.6(6)(K). With

limited exceptions (not applicable to this case), the denial of a Level 2 grievance exhausts an

inmate's administrative remedies. *Id.*

---

[2] The defendants have submitted exhibits of the versions of Administrative Directive 8.9 and 9.6 that were in effect between September 4, 2020, and November 2, 2020. *See* ECF No. 65-7 at 8-21; ECF No. 65-8 at 6-10. Since November 2, 2022, DOC has amended both Administrative Directives. *See* https://portal.ct.gov/DOC/Common-Elements/Common-Elements/Directives-and-Polices-Links (last visited Dec. 12, 2022). Within this order, all citations to Administrative Directives refer to the defendants' summary judgment exhibits.

**B.      Grievance Procedure for Health Service Claims**

The DOC grievance procedure for health service complaints also involves multiple stages of dispute resolution. An aggrieved inmate must first seek informal resolution with an appropriate correctional staff member through "face to face" communication or the submission a "CN 9601 Inmate Request Form." *See* A.D. 8.9(10). If informal dispute resolution fails, an inmate may then apply for a "Health Service Review" by submitting a "CN 9602 Inmate Administrative Remedy" form in a "Health Services Remedies/Review box." *See* A.D. 8.9.(10)-(11).

When an inmate seeks review of a "diagnosis or treatment" through the submission of a CN 9602 form, a health service review filing will result in the scheduling of a "Health Services Review Appointment" with a medical professional. *See* A.D. 8.9(11). If the medical professional subsequently determines that the inmate's existing diagnosis or treatment is appropriate, this decision will exhaust the inmates' administrative remedies. *Id.*

When an inmate seeks review of an "administrative issue" through the submission of a CN 9602 form, the inmate's complaint will be adjudicated by a Health Service Review Coordinator within 30 days of filing. *See* A.D. 8.9(12)(A). If the inmate is dissatisfied with the Health Service Review Coordinator's adjudication of his or her complaint, he or she then may appeal within ten business days. *See* A.D. 8.9(12)(B). To the extent that an inmate complaint pertains to compliance with DOC's "existing standards," the denial of an appeal exhausts an inmates' administrative remedies. *See* A.D. 8.9(12)(C). But, to the extent that an inmate's complaint pertains to a DOC "policy," the inmate must file another appeal to the "Director of Health Services" to fully exhaust his or her administrative remedies. *See* A.D. (12)(D)-(E).

C.      **Plaintiff's Participation in the Administrative Remedies Process**

Plaintiff was continuously housed at Osborn between September 4, 2020, and March 31,

2022, with the exception of a 10-day quarantine at MacDougall-Walker Correctional Institution

(MacDougall) that lasted from October 13, 2020, to October 23, 2020. ECF No. 65-2 at 8, ¶ 52;

ECF No. 65-7 at 4, ¶ 10. During this time, Osborn had mailboxes accessible to inmates that were

designated for the filing of inmate request forms, grievances, and health service reviews. ECF

No. 65-2 at 7, 9, ¶¶ 48, 63. In addition, inmates could submit inmate request forms and

grievances by providing them to their counselor. *Id.* at 7, ¶ 50. Appropriately filed grievances,

health service reviews, and appeals from grievances and health service reviews were recorded

into a log upon receipt. ECF No. 65-2 at 8, ¶ 51; ECF No. 65-8 at 2, ¶ 4.

DOC has no record of plaintiff having filed any grievances or health service reviews

during his 10-day stay at MacDougall. ECF No. 65-9 at ¶ 5. DOC does have records showing

that plaintiff filed two grievances and two health service reviews while housed in Osborn. ECF

No. 65-2 at 8-9, ¶¶ 52, 65. But none of the recorded grievances or health service reviews relate to

the claims brought in this action. ECF No. 65-2 at 8, 10, ¶¶ 53, 66.[3]

While housed in Osborn, DOC records show that plaintiff filed just one administrative

appeal, and this appeal does not implicate any of the claims brought in this action. ECF No. 65-8

at 12.[4]

In his complaint, plaintiff contends that he sent "grievances to all defendants about the

unconstitutional conditions [implicated by this case] at Osborn and not one of these defendants

---

[3] The logged grievances relate to lost property and the plaintiff's inmate trust account. *See* ECF No. 65-7 at
22-28. The logged health service reviews relate to knee and shoulder pain that coincided with plaintiff's Covid
vaccination and a request that the plaintiff be given a fiber supplement to aid with digestion. ECF No. 67-8 at 14, 20.

[4] The logged health service review appeal relates to knee and shoulder pain that coincided with plaintiff's
Covid vaccination. ECF No. 65-8 at 12.

responded to [his] letters, notices, request slips, or grievances." ECF No. 1 at 9, ¶ 27. In addition, plaintiff contends that the defendants "deliberately ignored my grievances and request[] slips, [and] letters intentionally to frustrate and impede administrative remedies procedures within DOC." *Id.*, ¶ 28.

**LEGAL STANDARD**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P. The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*. 554 F. 3d. 255, 266 (2d Cir. 2009). He or she cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). In deciding a motion for summary judgment, the court must draw all reasonable inferences from the evidence in favor of the non-moving party. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).

Although a court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**DISCUSSION**

    **A.    Exhaustion of Remedies**

    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "This provision requires an inmate to exhaust his or her administrative remedies before filing any type of action in federal court regardless as to whether the inmate may ultimately obtain the specific relief he or she desires through the available administrative process." *Baltas v. Erfe*, 3:19-cv-1820 (MPS), 2022 WL 4260672 at *4 (D. Conn. Sept. 15, 2022) (internal citation omitted).

    The PLRA excuses full exhaustion of administrative remedies only when those remedies are, as a practical matter, "unavailable" to an aggrieved inmate. *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). Such unavailability may exist when: (1) a grievance system "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* When remedies are available, the PLRA requires "proper exhaustion," which entails compliance with all "procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

    In this case, plaintiff pursues § 1983 claims relating to: (1) indifference to a risk of harm caused by plaintiff's placement in a housing unit experiencing a Covid outbreak; (2) failure to move plaintiff to another housing unit and arranging for medical treatment and testing when he began exhibiting Covid symptoms; (3) inadequate protective measures taken to prevent the

spread of Covid at Osborn; and (4) indifference to plaintiff's health and sanitation needs during a

10-day placement in punitive segregation. ECF No. 8 at 17-18. To the extent that these claims

implicate plaintiff's conditions of confinement, plaintiff was required to exhaust administrative

remedies pursuant to DOC Administrative Directive 9.6. And to the extent that plaintiff's claims

implicate health services, plaintiff was required to exhaust administrative remedies in accordance

with DOC Administrative Directive 8.9.

As the recitation of the facts set forth above makes clear, the processes for exhausting

remedies under Administrative Directive 9.6 and 8.9 differ. But each administrative process is

similar in that they require, as a first step, attempted informal dispute resolution. *Compare* A.D.

9.6(6)(A) *with* A.D. 8.9(10).

The defendants contend that there is no evidence that plaintiff ever sought informally to

resolve disputes related to the claims brought in this case, aside from the "bald allegations" of his

sworn complaint. ECF No. 65-1 at 11, 14. The Court agrees. But when ruling on a summary

judgment motion, the Court may consider a plaintiff's sworn pleading "to the extent that it makes

allegations on the basis of the plaintiff's personal knowledge, and not merely [his] … belief."

*Patterson v. Cty. Of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). And the defendants have not

presented any evidence showing that plaintiff *did not* attempt the informal dispute resolution

contemplated by Administrative Directives 8.9 and 9.6. Thus, the defendants have not

established an entitlement to summary judgment based on plaintiff's failure to seek informal

resolution of his claims.

After attempts at informal dispute resolution have failed, Administrative Directives 8.9

and 9.6 permit inmates to file grievances and/or health service reviews. *See* A.D. 8.9(11)-(12);

A.D. 9.6(6)(C). With their summary judgment filing, the defendants have included affidavits

from DOC recordkeepers indicating that the plaintiff never filed grievances or health service reviews pertaining to any of the claims brought in this case. *See* ECF No. 65-7 at 4, ¶¶ 12-14; ECF No. 65-8 at 3, ¶¶ 9-11; ECF No. 65-9 at 2, ¶ 5. This evidence is sufficient to demonstrate the absence of a genuine issue of material fact entitling the defendants to summary judgment.

In his sworn complaint, plaintiff alleges that he "[wrote] to the Warden[] at Osborn C.I.," "[wrote] to Commissioner Quiros," and "[wrote] grievances to all defendants about the unconstitutional conditions at Osborn and not one of these defendants responded to [his] letters, notices, requests slips, or grievances." ECF No. 1 at 9, ¶ 27. If DOC officials disregarded plaintiff's properly filed grievances and/or health service reviews, this could have deprived him of "available" remedies to exhaust. *See Hayes v. Dahlke*, 976 F.3d 259, 270-71 (2d. Cir. 2020) (citing favorably to opinions from other Circuits holding that an inmate's administrative remedies are exhausted or "unavailable" when prison officials fail to respond to a properly submitted grievance or administrative appeal within the time limits prescribed by the prison's policies). Here, however, it is not necessary to decide the "availability" issue because the complaint does not allege facts permitting an inference that plaintiff *properly* filed grievances and/or health service reviews related to the claims brought in this case.

To properly file a grievance or health service review, an inmate must complete a CN 9602 form <u>and then deposit it in a designated administrative remedies mailbox</u>. *See* A.D. 8.9(11)-(12); 9.6(6)(C).[5] In his complaint, plaintiff does not allege that he submitted grievances and/or health service reviews by placing them in an administrative remedies mailbox. Rather, he alleges that he attempted to grieve his claims by writing directly to the defendants. ECF No. 1 at 9, ¶ 27.

---

[5] The defendants' summary judgment filing indicates that inmates could also file grievances by submitting CN 9602 forms to their counselor. ECF No. 65-2 at 7, ¶ 50. But the complaint does not allege that plaintiff attempted to submit grievances to his counselor.

This method of grievance was improper, and, thus, could not serve to exhaust plaintiff's claims.[6]

In sum, the defendants' summary judgment filings present evidence that plaintiff never properly submitted grievances and/or health service reviews pertaining to the claims that he now brings in this case. And plaintiff presents no counterevidence permitting an inference that he properly submitted grievances and/or health service reviews. Thus, the defendants are entitled to summary judgment on the ground that plaintiff has failed to properly exhaust his administrative remedies.

### B.    State Law Claims

As noted, plaintiff has also asserted a claim for intentional infliction of emotional distress under Connecticut law. ECF No. 8 at 18. The PLRA only applies to claims brought under federal law. *See* 42 U.S.C. § 1997e(a). Thus, the Court cannot dismiss plaintiff's state tort claim on the ground that he has failed to exhaust administrative remedies. *See Nunez v. Goord*, 172 F. Supp. 417, 430 (S.D.N.Y. 2001) ("As [the] cause of action alleging negligence does not invoke § 1983, or any other federal law, it is not subject to § 1997e(a)'s exhaustion requirement.") But since the Court has dismissed all of plaintiff's federal claims, it is no longer appropriate for the Court to exercise supplemental jurisdiction over his state law claim. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

---

[6] In opposition to summary judgment, the plaintiff contends that he was deprived of administrative remedies because DOC suspended the administrative remedies system outlined in Administrative Directives during the Covid pandemic and began utilizing a system called "Prompt Care." ECF 71-1 at 38. Some of the plaintiff's references to "Prompt Care" cite "Exhibit D," *see, e.g.,* ECF No. 71-1 at 28, but the plaintiff has not attached any exhibits to his opposition papers, and the Court cannot find any "Exhibit D" in the record other than the Exhibit D attached to the defendants' motion, which does not contain a description of "Prompt Care," *see* ECF No. 65-7. In short, plaintiff does not support this contention with a citation to evidence in the record as required by Local Rule 56(a)(3). And, when discussing "Prompt Care," plaintiff appears to describe a system utilized to schedule inmate medical appointments – not an administrative dispute resolution system. *See* ECF 71-1 at 37-38.

exercise jurisdiction over the remaining state-law claims.") Accordingly, the Court dismisses plaintiff's state law tort claim without prejudice to his right to pursue it in state court.

### Conclusion

The Defendants' Motion for Summary Judgment, [**Doc. No. 65**], is **GRANTED**. All § 1983 claims are **DISMISSED** with prejudice. All state law tort claims are **DISMISSED** without prejudice to plaintiff's right to pursue such claims in state court. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 15th day of December 2022.

_____
/s/
Michael P. Shea, U.S.D.J.